UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Edmond K. Machie,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-0630 (CKK) |
| | : | |
| **Brendan H. Chandonnet** *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed suit in this Court based on events that occurred in a lawsuit in Maryland, which resulted in his settlement with the Washington Metropolitan Area Transit Authority (WMATA) for $130,000. Invoking diversity jurisdiction, plaintiff sues WMATA and WMATA attorneys Brendan H. Chandonnet, and Kathleen Carey. In addition, plaintiff sues his former attorney Eric Rosenberg of Rosenberg & Fayne, LLP, and attorneys Phillip R. Zuber and Emily Spiering of Sasscer, Clagett & Bucher (SCB defendants). *See* Compl. ¶¶ 4-11. Each group of defendants has moved to dismiss, and plaintiff has opposed each motion.[1] In addition, plaintiff has filed a motion to amend the complaint to add a new defendant, which defendants have opposed.

Upon careful consideration of the parties' submissions, the Court finds that it lacks subject matter jurisdiction. Consequently, the Court will (1) grant the WMATA defendants'

---

[1] The motion documents include: Sasscer, Clagett & Bucher, Zuber and Spiering's Mot. to Dismiss, ECF No. 7, and Pl.'s Opp'n to the SCB Defs.' Mot., ECF No. 26; Eric Rosenberg and Rosenberg & Fayne, L.L.P.'s Mot. to Dismiss, ECF No. 8, and Pl.'s Opp'n to the Rosenberg Defs.' Mot., ECF No. 28; Defs.' WMATA, Carey and Chandonnet's Mot. to Dismiss, ECF No. 11, Pl.'s Opp'n to the WMATA Defs.' Mot., ECF No. 27, and the WMATA defendants' reply, ECF No. 29.

motion to dismiss under Rule 12(b)(1), (2) deny all other pending motions, including those to dismiss under Rule 12(b)(6), as moot, and (3) dismiss the case.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal at any time the Court finds subject matter jurisdiction wanting).

## I.  BACKGROUND

As plaintiff recounts in the instant complaint, a WMATA bus driver allegedly threw him off a bus in Arlington County, Virginia, following a fare dispute, which resulted in his sustaining "severe bodily injury."  Compl. ¶¶ 12-13.  Plaintiff, with the assistance of counsel, filed suit against WMATA in the Circuit Court for Prince George's County, Maryland, claiming battery and intentional infliction of emotional distress.  *Id*. ¶ 12.  WMATA removed the case to the United States District Court for the District of Maryland, and discovery ensued.

In July 2014, plaintiff and his attorney had a disagreement, which resulted ultimately in the court's permitting counsel to withdraw from the case.  *See* Compl. ¶¶ 14-16.  Plaintiff hired defendant Rosenberg on August 7, 2014.  He signed an agreement, which included the following provision: "Attorney is hereby retained on a contingent basis and is to receive an amount equal to 40% of any amount which is recovered for Client by settlement."  Rosenberg Defs.' Ex. 1, ECF No. 8-2.  Rosenberg entered his appearance in the District of Maryland proceedings on August 27, 2014.  Compl. ¶ 18.  Two days later, following a status conference, the case was referred to Magistrate Judge Timothy F. Sullivan for mediation, and discovery was stayed.  *Id*. ¶ 19.

On October 8, 2014, Rosenberg informed plaintiff in an e-mail that he would withdraw his appearance if plaintiff persisted in a settlement demand of $2 million.  Compl. ¶¶ 35, 42; *see* Compl. Ex. B ("If you are asking me to make a demand of 2,000,000, I must withdraw as your attorney on numerous levels.").  Plaintiff alleges that at the settlement conference held on October 17, 2014, he and WMATA "resolved the case for the payment of $130,000 from

Defendant WMATA to the Plaintiff Edmond Machie . . . . without [Rosenberg's] legal representation [since he] withdrew from the case prior to the settlement conference and/or in the presence of [Magistrate Judge Sullivan]." *Id*. ¶ 20.  Plaintiff executed a release to WMATA that same day.  *See id*. ¶¶ 21-22.  Allegedly, notwithstanding that Rosenberg no longer represented plaintiff, WMATA delivered the settlement check to Rosenberg's law firm.  *Id*. ¶ 25; Rosenberg Defs.' Ex. 4, ECF No. 8-5.

Following a settlement hearing on October 17, 2014, a magistrate judge in the District of Maryland issued a Settlement Order, dismissing the case without prejudice for 30 days and thereafter with prejudice if neither party had moved to reopen the case.  *See Machie v. WMATA*, No. 14-207 WGC (D. Md. Feb. 27, 2015) (Connelly, MJ.) (WMATA's Ex. A, ECF No. 11-2 "Feb. 27 Order").  Contrary to plaintiff's allegations, the transcript of the hearing establishes that Rosenberg appeared with plaintiff and spoke on plaintiff's behalf.  *See* WMATA's Ex. C, ECF No. 11-4 (Oct. 17, 2014 Tr.).

On November 6, 2014, Rosenberg filed in the District of Maryland a Motion for Appropriate Relief, seeking an order "directing Mr. Rosenberg's law firm to negotiate the settlement check issued in the [] case, deposit the check in the law firm's escrow account, retain the firm's contingent attorney fee of $52,000, and deposit the remainder of the settlement funds into the Registry of this court for the benefit of Edmond Machie."  Feb. 27 Order at 1.  Plaintiff opposed the motion and requested that it be denied.  *Id*.  Following a hearing on January 29, 2015, the motion was denied.  *See* Rosenberg Defs' Ex. 2 (Case Docket, ECF No. 8-3).

In the ruling on Rosenberg's motion, Magistrate Judge William Connelly sets out a colloquy from the settlement hearing where Rosenberg confirms (1) that the parties "agreed to a full and final resolution of the matter," (2) that he "made Mr. Machie aware that this is a full and

final settlement of any and all claims that are known or unknown resulting from this incident," and (3) that "Mr. Machie is fully aware of [the settlement] and has agreed to it." Feb. 27 Order at 2. Also in the colloquy, both defendant Chandonnet (for WMATA) and plaintiff affirm their understanding of the agreement. And plaintiff confirms that it is his signature on the release and answers "Yes, Your Honor" to whether he was "satisfied as to the services on behalf of Mr. Rosenberg and his firm." *Id*. at 3.

>Magistrate Judge Connelly observed:
>
>The motion [for appropriate relief] did not ask the court to reopen the case nor did it set forth good cause for why the case should be reopened. The motion did not contain an allegation that settlement had not been consummated. The court records show that Mr. Machie has executed a notarized general release in favor of WMATA and that WMATA has delivered to Mr. Rosenberg, Mr. Machie's counsel, a check dated October 24, 2014 . . . in the amount of $130,000.
>
>The dispute in this case involves not the settlement of the battery and intentional infliction of emotional distress claims set forth in the complaint but rather the appropriateness of Mr. Rosenberg's fee.

Feb. 27 Order at 3-4. He concluded, based on consummation of the settlement and the lack of a motion to reopen within 30 days, that "the dismissal [was] final." *Id*. at 4.

Most importantly, Magistrate Judge Connelly found that while the parties resided in different states to satisfy the requirement for diversity jurisdiction under 28 U.S.C. § 1332, the disputed fee amount of $52,000 did "**not** exceed the value of $75,000, exclusive of interest and costs." *Id*. at 5 (emphasis in original). Consequently, Magistrate Judge Connelly concluded that the court lacked jurisdiction to hear the "contractual dispute between Mr. Rosenberg and Mr. Machie," denied the motion for appropriate relief without prejudice, and advised the parties that they "may pursue their respective causes of action in the appropriate state court." *Id*.

4

In the instant complaint filed four months later, plaintiff disputes the "appropriateness" of Rosenberg's 40 percent contingency fee. Compl. ¶ 26. In addition, he seeks a total of $20 million for the following claims:

Count I - Intentional and Negligent Misrepresentation (¶¶ 31-37)

Count II - Fraud, Intentional Legal Malpractice (¶¶ 38-47)

Count III - Fraud, Breach of Contract Breach of Fiduciary Duties, and Unfair Business Practices pursuant to Lawyer's Rules of Professional Conduct (¶¶ 48-57)

Count IV - Intentional and Negligent Infliction of Emotional Distress, and Unfair Business Practices pursuant to Lawyer's Rules of Professional Conduct (¶¶ 58-62)

Count V - Fraud-Breach of Trust-Poor Standards of Ethical Conduct and Professional Behavior. Violation of the Rules of Professional Conduct for Practitioners (Rules) (¶¶ 63-74)

Count VI - Other Types of Misconduct (¶¶ 75-87)

Count VII - Civil Conspiracy (¶¶ 88-97)

Count VIII - Obstruction to Justice (¶¶ 98-109).

## II.  LEGAL STANDARD

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Federal courts "possess only that power authorized by Constitution and statute, which is not expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The law presumes that "a cause lies outside this limited jurisdiction[.]" *Id*. It is the plaintiff's burden to establish subject matter jurisdiction by a preponderance of the evidence, which may encompass "the complaint supplemented by undisputed facts evidence in the record, or the complaint supplemented by

5

undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

"At the motion to dismiss stage, . . . complaints . . . are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). But in deciding a Rule 12(b)(1) motion for want of subject matter jurisdiction, the Court scrutinizes the alleged facts closer than it would in deciding a motion under Rule 12(b)(6) for failure to state a claim. *See Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Fed.Prac. & Proc.Civ.2d, § 1350)). Moreover, the Court is not limited to the four corners of the complaint; it "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), *aff'd*, No. 00-7176, 2001 WL 135857 (D.C. Cir. Jan. 18, 2001).

### III. DISCUSSION

Plaintiff invokes diversity jurisdiction, Compl. ¶ 1, which authorizes federal courts to hear cases involving parties of diverse citizenship where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "The Supreme Court long has held that states [and their arms or alter egos] are not subject to diversity jurisdiction under [§ 1332]." *Long v. D.C.*, 820 F.2d 409, 412-13 (D.C. Cir. 1987) (quoting *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482 (1894); *State Highway Commission v. Utah Construction Co.*, 278 U.S. 194 (1929)). And "when a person attempts to sue the District under the diversity statute," the District is treated "like the

fifty states" and, thus, "is not subject to diversity jurisdiction." *Id*. at 414. "WMATA was created by an interstate compact entered into by the District of Columbia and the states of Maryland and Virginia." *Watters v. WMATA*, 295 F.3d 36, 39 (D.C. Cir. 2002). Therefore, WMATA argues correctly that as an instrumentality of those states, it cannot be sued in federal court under the diversity statute. *See* WMATA's Mem. of P. & A. at 4. In addition, WMATA argues persuasively that its attorneys (Chandonnet and Carey), who are being sued for acts performed during their representation of WMATA, are absolutely immune from this lawsuit under the Eleventh Amendment immunity conferred upon WMATA by Maryland and Virginia, which "extends to suits for breach of attorney's liens" or suits to impose or enforce such liens.[2] *Watters*, 295 F.3d at 39-42. Consequently, the complaint against the WMATA defendants will be dismissed with prejudice.

Notwithstanding plaintiff's list of purported claims and the millions of dollars sought from the complaint, the gravamen of the complaint is a dispute between plaintiff and Rosenberg over Rosenberg's 40 percent contingency fee.[3] Because that amount is $52,000, the Court

---

[2] WMATA also argues persuasively that any breach of contract claim is barred under the doctrine of accord and satisfaction since, as Magistrate Judge Connelly found, WMATA has complied fully with the terms of the settlement agreement. *See* WMATA's Mem. of P. & A. at 5.

[3] Although the counts of the complaint seem to be predicated on fraud, plaintiff has not satisfied the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure by "stat[ing] with particularity the circumstances constituting fraud." Consequently, even if the Court were to accept plaintiff's pleaded amount in controversy for purposes of diversity jurisdiction, it would dismiss the complaint for insufficient pleading. In addition, because the events giving rise to this action occurred in Maryland where all of the defendants are located, this court sitting in the District of Columbia is not the proper venue for litigating plaintiff's claims. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred[.]"). Hence, if any claim were to survive the jurisdictional hurdle, the Court would likely transfer the case pursuant to 28 U.S.C. § 1406 to the District of Maryland.

agrees with the District of Maryland that diversity jurisdiction is defeated, and the claim is properly redressed in state court.[4]  *See Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 140-41 (D.D.C. 2014), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("For a court to reject the amount claimed by the plaintiff, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.' ") (alteration in original).  Hence, the remainder of the complaint will be dismissed without prejudice.[5]

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction and, thus, dismisses the case.  A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  October 23, 2015

---

[4]   Magistrate Judge Connelly's February 27, 2015 decision was not appealed.  Rosenberg has since filed a complaint against plaintiff in the Circuit Court for Prince George's County "seeking to enforce his claimed attorney fee."  Rosenberg's Supp'g Mem. at 1, n.1.

[5]   The complaint's allegations do not specify the nature of the claim against the SCB defendants and their relationship to the plaintiff.  In their supporting memorandum, the SCB defendants reveal that they are in fact Rosenberg's lawyers and that plaintiff alleges only that they "engaged in activity that violated" his rights under "§ 10-501 of the Business Occupations and Professions Article of the Maryland Code.'"  SCB Defs.' Supp'g Mem. at 1, 5 (quoting Compl. ¶ 60).  Plaintiff does not dispute the SCB defendants' characterization of the purported claim.  *See generally* Pl.'s Opp'n, ECF No. 26.  The Court of Appeals has made clear that "once a court determines that it lacks subject matter jurisdiction, it can proceed no further."  *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).  If not for the jurisdictional barrier, the Court would grant the SCB defendants' motion to dismiss under Rule 12(b)(6).  For a claim based on " 'naked assertion[s]' devoid of 'further factual enhancement' " cannot survive such a motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [the] legal conclusion[]" pled here.  *Id.*